___



**SO ORDERED,**

*Judge Jason D. Woodard*

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.
___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRANDYWINE HEALTH | ) | Case No.:   09-16528-JDW |
| SERVICES OF MISSISSIPPI, | ) | |
| INC. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

___

| | | |
|---|---|---|
| HENRY J. APPLEWHITE, | ) | |
| TRUSTEE OF | ) | A.P. No.:   11-01220-JDW |
| BRANDYWINE | ) | |
| HEALTH SERVICES OF | ) | |
| MISSISSIPPI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBUS PAPER & | ) | |
| CHEMICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

___

# ORDER GRANTING PLAINTIFF'S MOTION
# FOR PARTIAL SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment, accompanying list of undisputed facts, and brief in support thereof (A.P. Dkt. ## 61, 62 & 63)[1] (collectively referred to as the "Motion") filed by plaintiff Henry J. Applewhite (the "Trustee"), chapter 7 case trustee in the underlying bankruptcy case of Brandywine Health Services of Mississippi, Inc., d/b/a Choctaw County Medical Center (the "Debtor").  Columbus Paper & Chemical, Inc. (the "Defendant") was granted two extensions to file a response (A.P. Dkt. #66, 70), but ultimately failed to file a response to the Motion.

This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984.  This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (F), (H), and (O).

In this adversary proceeding, the Trustee is traveling under several sections of Title 11 of the United States Code (hereinafter, the "Bankruptcy Code"), seeking the avoidance of certain payments made by the Debtor to the

---

[1] Citations to the main bankruptcy docket will be to "Bankr. Dkt. # ____," and citations to the adversary proceeding docket will be to "A.P. Dkt. # ____."

Defendant preceding and following the filing of the bankruptcy petition. However, summary judgment is sought only as to § 549 postpetition transfer claims.[2] The Court has considered the pleadings, evidence, briefs and the law, and finds and concludes that the Motion is due to be granted.[3]

## I.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[2] The Trustee did not include a claim for postpetition transfers in the Complaint, nor has the Trustee sought to amend the Complaint to add the claim. This oversight is not dispositive, however, as the Trustee's failure to formally amend may be cured by Federal Rule of Civil Procedure 15, made applicable by Federal Rule of Bankruptcy Procedure 7015. If an issue is tried by the parties' express or implied consent, then it is treated in all respects as if raised in the pleadings. FED. R. CIV. P. 15(b)(2). This rule applies both at the summary judgment stage and at trial. *See, e.g., Schexnider v. Schexnider*, 2014 WL 3899132, at *2 n.3 (W.D. La. Aug. 8, 2014) (citing *Handzlik v. United States*, 93 Fed.Appx. 15, 17 (5th Cir. 2004)(further citations omitted)); *Ciesla v. Harney Mgmt. Partners (In re KLN Steel Products Co.)*, 506 B.R. 461, 477-78 (Bankr. W.D. Tex. 2014)(same). Here, the Defendant failed to respond to the Motion, but sought and was granted two extensions to do so. The Defendant also answered the Complaint, which included the postpetition check as an exhibit. Finally, it appears that the parties engaged in some discovery regarding this claim. The Defendant was clearly on notice of the claim, and leave to amend would have been granted under Rule 15(a)(2) had it been sought. Under these circumstances, the Court will treat this postpetition transfer claim as having been litigated by implied consent.

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7052. To the extent any of the findings of fact are considered conclusions of law, and vice versa, they are adopted as such. To the extent it may be later determined that this Court did not have the power to enter final judgment with regard to the issues addressed herein, this order may be considered proposed findings of fact and conclusions of law and/or a report and recommendation. *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2175, 189 L. Ed. 2d 83 (2014).

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).[4] The party seeking summary judgment bears the burden of demonstrating to the court the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). "As to materiality, the Supreme Court has stated that '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). All reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980).

Rule 56 further provides:

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> . . . .
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it;
> . . . .

---

[4] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification of Rule 56 of the Federal Rules of Civil Procedure.

FED. R. CIV. P. 56(e). In this adversary proceeding, the Defendant has failed to respond to the Motion. The Court may therefore deem all facts as presented by the Plaintiff as undisputed. *Id.*; *see also* MISS. BANKR. L.R. 7056-1(1)(B) (non-movant shall file a responsive list of disputed material facts with supporting evidence). Nevertheless, the Court must still consider the reliability, propriety and relevance of the evidence submitted by the Plaintiff. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The Defendant's failure to respond to the Motion does not shift the initial burden from the Plaintiff to prove that there is no genuine issue of material fact. "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,'… If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* at 1075 (citing *Celotex*, 477 U.S. at 323).[5] The Plaintiff has submitted sufficient evidence in this adversary proceeding to support the following factual findings. The undisputed timeline of events establishes Plaintiff's entitlement to summary judgment in this adversary proceeding.

---

[5] Although for the purposes of summary judgment the burden of proof rests on the movant, Rule 6001 of the Federal Rules of Bankruptcy Procedure provides that "[a]ny entity asserting the validity of a transfer under § 549 shall have the burden of proof." Accordingly, while the Trustee, as movant, bears the burden of proof at this summary judgment stage, the Defendant bears the ultimate burden of proving that the two transfers of estate funds were valid.

## II.   FINDINGS OF FACT

Both before and after the filing of the bankruptcy case, the Debtor was the owner of a checking account at Regions Bank ending in account number 4519 (the "Checking Account"). The Checking Account was subject to a prepetition, perfected security interest held by Northern Healthcare Capital, LLC ("NHC").

On December 11, 2009, the Debtor tendered Check no. 20618, in the amount of $3,245.36 and drawn on the Checking Account, to the Defendant (the "Check").

On December 14, 2009 (the "Petition Date"), the Debtor filed its petition under chapter 11 of the Bankruptcy Code.[6]

On December 16, 2009, the hospital operated by the Debtor was shut down by the Mississippi State Department of Health after revocation of the hospital's license.

On December 18, 2009, Regions Bank honored the Check and the funds were withdrawn from the Debtor's Checking Account.

## III.   CONCLUSIONS OF LAW

Section 549 of the Bankruptcy Code governs the avoidance of unauthorized postpetition transfers of estate property. In order for the

---

[6] On March 2, 2010, this Court entered an order converting the bankruptcy case to a case under chapter 7 of the Bankruptcy Code (Bankr. Dkt. # 143).

6

Trustee to avoid the transfers, the Trustee must establish (1) a transfer occurred; (2) the transfer occurred without court authorization; (3) the transfer occurred after commencement of the case; and (4) the transfer was of estate property. *In re Contractor Tech., Ltd.,* 343 B.R. 573, 576 (Bankr. S.D. Tex. 2006), *subsequently aff'd sub nom. In Matter of Contractor Tech. Ltd.*, 229 F. App'x 294 (5th Cir. 2007). What constitutes a transfer and when it is complete is a matter of federal law. *McKenzie v. Irving Trust Co.,* 323 U.S. 365, 369-370, 65 S.Ct. 405, 407-408, 89 L.Ed. 305 (1945).

### A. Transfer Occurred

The Bankruptcy Code defines a transfer as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property." 11 U.S.C. § 101(54)(D). The Debtor tendered a check to the Defendant, which ultimately resulted in the Debtor's funds being transferred to the Defendant. A transfer clearly occurred in this case as the Defendant received the Check, and ultimately the funds, from the Debtor.

### B. Transfer Occurred without Court Authorization

The transfer was neither permitted by the Bankruptcy Code, nor authorized by this Court. Section 363(c)(1) of the Bankruptcy Code allows a debtor-in-possession to use property of the estate in the ordinary course of

7

business without notice or a hearing. However, the permissive language of subsection (c)(1) is limited by subsection (c)(2), which provides:

> (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
>
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).

The funds held in the Checking Account were subject to a lien held by NHC. As such, the funds were NHC's cash collateral. *See* 11 U.S.C. § 363(a). At the time of the transfer, NHC did not consent to the use of its cash collateral. (*See* Bankr. Dkt. # 31). While the Debtor later sought and received interim approval from this Court to use cash collateral (Bankr. Dkt. ## 56, 97), that authorization was pursuant to a budget that began with the week ending January 15, 2010 (Bankr. Dkt. #97, p.4), almost a month after the transfer in question. Hence, at no time was the transfer approved by this Court. [7]

---

[7] Even if the transferred estate property had not been cash collateral, it is questionable whether the Defendant could have proved that the transfer was in the ordinary course of business. On December 16, the hospital operated by the Debtor was shut down by the Mississippi State Department of Health after revocation of the hospital's license. As set forth below, the transfer to the Defendant is deemed to have occurred on December 18.

8

### C. Transfer Occurred After Commencement of the Case

In determining the date of transfer when property is transferred via check, the United States Supreme Court has held that the transfer occurs at the time the check is honored by the drawee bank. *Barnhill v. Johnson*, 503 U.S. 393, 399, 112 S. Ct. 1386, 1390, 118 L. Ed. 2d 39 (1992). "[T]he payment of checks presented post-petition constitutes a 'transfer' of property of the estate and if this transfer is not authorized by the Bankruptcy Code it may be set aside pursuant to 11 U.S.C. § 549." *In re Hoffman,* 51 B.R. 42, 46 (Bankr. W.D. Ark. 1985). In this case, a post-petition transfer of property occurred when the Check was honored by Regions Bank after the Petition Date.

### D. Transfer was of Estate Property

Lastly, there is no question that the property transferred was estate property. Section 541 of the Bankruptcy Code provides that the filing of a bankruptcy petition creates an estate which is composed of all of a debtor's property, including "all legal or equitable interests of the debtor in property as of the commencement of the case." More specifically, a deposit account owned by a debtor on the date the bankruptcy case is filed is property of the bankruptcy estate. *In re Webb*, 432 B.R. 234 (Bankr. N.D. Miss. 2010)(citing *Kwik Cash of Martin (In re Franklin)*, 254 B.R. 718, 721 (Bankr. W.D. Tenn. 2000)). As such, the money in the Debtor's checking account from which the

checks were drawn, and in which the Debtor had an interest on the Petition Date, was property of the estate.

## IV.   CONCLUSION

The Defendant received a post-petition transfer of estate property after commencement of the bankruptcy case.  There was no court authorization for the transfer.  As such, the Trustee has established all of the elements necessary to avoid the post-petition transfer under § 549 of the Bankruptcy Code, and pursuant to § 550, is entitled to a judgment against Defendant in the amount of $3,245.36.  Accordingly, it is hereby,

**ORDERED, ADJUDGED** and **DECREED** that the Motion for Partial Summary Judgment is **GRANTED.**  A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58, made applicable by Federal Rule of Bankruptcy Procedure 7058.  A pretrial conference on the remaining preference and fraudulent conveyance claims will be scheduled by separate order.

##END OF ORDER##